(83 App. Div. 288.)

WHEELER CONDENSER & ENGINEERING CO. v. R. G. PACKARD CO.

(Supreme Court, Appellate Division, First Department.   May 8, 1903.)

1. SALE—ACTION FOR PRICE—EVIDENCE.
   In an action for the contract price of castings, defendant could not show that payment therefor was to depend on an acceptance by another, for whose use they were bought, where no mention of such fact was made in the letters of offer and acceptance.

2. SAME—PLEADING—ADMISSION.
   Where the petition in an action for the contract price of castings alleged that defendant had frequently promised to pay the balance of the price, defendant by failing to deny such allegation admitted that the castings were the kind called for in the contract; that he had accepted them; and that the price agreed to be paid was due.

Appeal from Trial Term, New York County.

Action by the Wheeler Condenser & Engineering Company against the R. G. Packard Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

C. D. Rust, for appellant.

Norman W. Kerngood, for respondent.

McLAUGHLIN, J.   This action was brought to recover the contract price of certain castings sold and delivered by the plaintiff to the defendant.   The complaint alleged, among other things, as follows:

"(3) That at various times between the 29th day of March, 1902, and the 6th day of September, 1902, the plaintiff sold and delivered to the defendant two cast-iron centrifugal pump castings.

"(4) That the same were reasonably worth the sum of $2,014.20.

"(5) That no part thereof has been paid, although payment thereof has been duly demanded by plaintiff of defendant, except the sum of $1,007.10, leaving a balance, due and owing from defendant to plaintiff, amounting to $1,007.10.

"(6) That the defendant has frequently promised to pay plaintiff said balance of $1,007.10."

The defendant by its answer did not deny these allegations of the complaint, but alleged that the castings were for the use of the government of the United States, and "that it was understood and agreed by and between plaintiff and defendant that, before said castings were to be paid for by the defendant, they were to be inspected and accepted by the government of the United States of America, or by persons acting in behalf of said government"; that the government of the United States had not accepted said castings, and that the de-

fendant had no knowledge that it would accept them, but believed, by reason of certain defects therein, that they might be rejected. At the conclusion of the trial the court directed a verdict for the plaintiff for the amount claimed in the complaint, and from the judgment entered thereon defendant has appealed. It asks for a reversal principally upon the ground that the trial court erred in rejecting evidence tending to establish the facts set out in the defendant's answer above alluded to.

We do not think the defendant was injured by these rulings. The contract under which the castings were furnished consisted of a written proposition in the form of a letter from the plaintiff to the defendant, and an acceptance, also in the form of a letter, from the defendant to the plaintiff; in neither of which is any mention made that the payment of the castings was to depend in any way upon an acceptance by the United States government. Not only this, but such evidence was inadmissible under the pleadings. It will be noticed that in the portion of the complaint quoted there is an allegation that the defendant frequently promised to pay plaintiff the balance of the purchase price, and this allegation defendant admitted, by not denying the same in its answer. Such admission conclusively established that the plaintiff had complied with the terms of the contract on its part, and by reason thereof had become entitled to receive from the defendant the price agreed to be paid for the castings; that the castings were the kind called for by the contract; that the defendant had accepted them; and that the price agreed to be paid was due. The rulings of the Trial Court, therefore, of which complaint is made, could not by any possibility have injured the defendant.

The judgment appealed from is right, and should be affirmed, with costs. All concur; VAN BRUNT, P. J., in result.